IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
SEP 16 2014
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CRIMINAL ACTION NO. 1:13cr17

LORETTA MEREDITH, (2),

Defendant.

## MEMORANDUM OPINION AND REPORT AND RECOMMENDATION

## GRANT IN PART AND DENY IN PART Docket No. 122 AND 129

This matter is pending before the undersigned on an Ex-Parte Motion To Exceed Statutory Compensation Limit filed July 31, 2014 (Docket No. 122) and Amended Ex Parte Defense Cost Estimate filed August 8, 2013 (Docket No.129) both of which were referred by the District Judge August 13, 2014 (Docket No. 276). The Court conducted an ex parte hearing on August 22, 2014 (Docket No. 280). Defendant was sentenced by the District Judge on August 28, 2014 (Docket No. 271).

### I.
### Pertinent History

The case against Defendant, Loretta Meredith (Meredith) began with the **May 2, 2013** return of a Second Superseding Indictment in which Meredith was charged in Count Two (Conspiracy to Attempt to Obstruct Justice in violation of 18 U.S.C. §1512(k)), Count Three (Attempted Obstruction of Justice - Aiding and Abetting in violation of 18 U.S.C. §1512(c)(2) and (2)), Count Four (Attempted Obstruction of Justice - Aiding and Abetting in violation of 18 U.S.C. §1512(c)(2) and (2)), Count Five (Attempted Obstruction of Justice - Aiding and Abetting in violation of 18 U.S.C. §1512(c)(2) and (2)), Count Eight (Attempted Obstruction of Justice - Aiding and Abetting in

violation of 18 U.S.C. §1512(c)(2) and (2)), Count Nine (Attempted Obstruction of Justice in violation of 18 U.S.C. §1512(c)(2)), and Count Ten (Attempted Obstruction of Justice - Aiding and Abetting in violation of 18 U.S.C. §1512(c)(2) and (2)). Meredith was charged with co-Defendant Charles Adkins in Counts Two, Three, Four, Five, Eight, and Ten. A Third Superseding Indictment was returned against Meredith and Adkins on July 9, 2013 (Docket No. 114). The charges against Meredith did not differ from the charges made against her in the Second Superseding Indictment. A Fourth Superseding Indictment was returned against Meredith and Adkins on **August 6, 2013** (Docket No. 125). The charges against Meredith did not differ from the charges made against her in the Second and Third Superseding Indictments. Meredith pled guilty before this Court on **September 23, 2013**.

Meredith has not been in custody since her initial appearance on May 10, 2013 (Docket No. 59). Counsel was appointed to represent Meredith on **May 13, 2013** (Docket No. 61). After a scheduling conference with the District Judge on May 15, 2013 (Docket No. 67), an arraignment before the Court on the same date (Docket No. 68), and arraignments on the two superseding indictments that followed, the only motions filed and hearings held before sentencing have been:

| | | | |
|---|---|---|---|
| 1. | Docket No. 73 | June 4, 2013 | First Motion to Amend the Court's scheduling order due to substantial Government discovery disclosure |
| | | | Motion granted without hearing the next day (Docket No. 74) |
| 2. | Docket No. 98 | June 20, 2013 | Initial Pretrial Motions |
| | | | Motion 1 to dismiss Count 8 |
| | | | Motion 2 to dismiss Count 10 |

2

|   |   |   |   |
|---|---|---|---|
|   |   |   | Motion 3 to extend time to file motions |
| 3. | Docket No. 101 | June 24, 2013 | Ex Parte Defense Cost Estimate of $30,750.00 |
| 4. | Docket No. 102 | June 24, 2013 | Defendant's Ex Parte Motion To Engage Psychologist $2,000.00 |
| 5. | Docket No. 122 | July 31, 2013 | Ex-Parte Motion To Exceed Statutory Compensation Limit |
| 6. | Docket No. 129 | August 8, 2013 | Amended Ex Parte Defense Cost Estimate |
| 7. | Docket No. 167-171 | **September 23, 2013** | Plea Hearing |
| 8. | Docket No. 197 | December 30, 2013 | Sentencing Memorandum |
| 9. | Docket No. 199 | January 6, 2014 | Motion to continue sentencing Granted without hearing the next day (Docket No. 200) |
| 10. | Docket No. 248 | July 14, 2014 | Motion by Defendant Meredith and Government to continue sentencing Granted without hearing July 17, 2014 (Docket No. 251) |

Co-Defendant Adkins pled guilty on August 8, 2014 (Docket No. 264-270).

During the hearing before the Court counsel for Meredith submitted his spread sheets (appended hereto with Court notations as Exhibit 1) in support of his claim for attorneys fees and expenses before August 22, 2014 in the sum of $29,087.18 and for projected additional fees and expenses in the sum of $1,568.00 for the time period from August 22, 2014 to the August 28, 2014 sentencing.

During the hearing counsel represented to the Court that Meredith was a difficult client to

represent. He further represented Meredith tape recorded all her conversations with Atkins and insisted on repeatedly reviewing them because she deemed everything that was said as important. He further represented she was unwilling to accept his legal analysis insisting that she was a victim instead of a perpetrator.

Subsequent to sentencing, at the direction of the District Judge, counsel for Defendant submitted updated spread sheets and copies of documents in support of his claims for fees and costs aggregating $29,087.18. The spread sheets and copies of documents are attached hereto as Exhibit 2.

## II.
## Law

18 U.S.C. §3006A((d)(3) provides: "Payment in excess of any maximum amount provided in paragraph (2) of this subsection may be made for extended or complex representation whenever the court in which the representation was rendered, or the United States magistrate judge if the representation was furnished exclusively before him, certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit."

Section 230.23.40 of the Judicial Conference Guide to the Administration of the Criminal Justice Act provides:

> (a) Overview
> Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended or complex representation when so certified by the court or U.S. magistrate judge and approved by the chief judge of the circuit....
> (b) Extended or Complex Cases
> The approving judicial officer should first make a threshold determination as to whether the case is either extended or complex.
> - If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would

        normally be required in an average case, the case is "complex."
- If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."

(c) Determining Fair Compensation

After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard:

- responsibilities involved measured by the magnitude and importance of the case;
- manner in which duties were performed;
- knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel;
- nature of counsel's practice and injury thereto;
- any extraordinary pressure of time or other factors under which services were rendered; and
- any other circumstances relevant and material to a determination of a fair and reasonable fee.

A court may enlarge the maximum fee only when a case is extended or complex. *See* §3006A(d)(3). The decision whether a case is extended or complex is a matter of interpretation and is not appealable. United States v. Smith, 633 F.2d 739, 741-42(7th Cir. 1980), *See also* United States v. Stone, 53 F.3d 141, 143 (6th Cir. 1995).

However, there are cases that provide guidance.

United States v. Diaz, 802 F.Supp. 304 (C.D.Cal. 1992) the Court, relying on the Judicial Conference Guidelines, held a two day jury trial in which the Defendant offered no witnesses and the jury took about five minutes before finding him guilty of conspiracy to affect goods in interstate commerce was neither more extended or complex than the average felony case to justify Defense counsel's claim for a fee at about three times the then statutory maximum. The Court also noted that compensation under the CJA was not intended to entirely eliminate the financial burden of counsel. Congress only intended the statute to partially ease the financial burden in the provision of services traditionally provided on a pro bono basis.

United States v. Holtz, 379 F.Supp.2d 988 (D.C.C.D. Illinois 2005) the Court took the "opportunity to address the expectation that all CJA fee petitions and vouchers will be allowed even when they exceed the statutory maximums-a view perhaps somewhat generally shared among Defense counsel." Applying the "Guidelines for the Administration of the Criminal Justice Act[1]" the Court considered post plea and sentence whether a case in which Holtz filed four unsuccessful substantive motions and three successful motions to continue trial before pleading to one count of unlawful possession of a firearm and being sentenced to 86 months justified a claimed fee of $18,000.60 which was three times more than the then $5,200.00 prescribed maximum fee. Of note, counsel submitted billing records showing 57 hours interviews and conferences, 51.1 hours in obtaining and reviewing records, 55.3 hours in legal research and writing 12.5 hours for case related travel, and 16.1 hours for investigative and other work. The total in court time spent in the case was 2.2 hours. That primarily was spent in the sentencing hearing. In deciding the case was neither complex or extended, the Court looked at but found "the number of hours that counsel legitimately spent on a case or his usual hourly rate is not the point of reference for assessing a CJA fee petition." Instead, the Court found "[t]he point of reference is the case commonly encountered, and the comparison must reveal enough margin of difference to justify a confident conclusion that excess compensation is essential to fairness". *Id.* In short, "[r]epresentation is 'extended' if it involves more time than what it required in the usual case." [internal citation omitted] "Such an assessment must be made with an eye to a court's own docket and exclusions must be made for continuances, preparation of PSR's, etc." *Id.*

United States v. Cook, 628 F.Supp. 38 (D.Col. 1985) Circuit Judge Moore sitting by

---

[1] The Guidelines utilized in the 1992 Docket No.cision of U.S. v. Holtz remain unchanged as of the writing of this Report and Recommendation.

designation awarded fees and costs of $6,871.93 out of an original claim of $24,178.11 in a drug conspiracy case that went to trial and was considered complex. At the outset Judge Moore noted: "...the application on its face suggests a misperception of the nature of an appointment under the Criminal Justice Act. Such appointments are to protect the rights of the indigent accused, and they are neither to be sought nor made for the purpose of providing income to attorneys. ... [internal citations omitted] instead acceptance of an appointment under the Act is tantamount to acceptance of a public service. ... The spirit of public service involved in such an appointment cannot be avoided by increasing the expenditure of hours simply to obtain a fee in keeping with the standards of private practice." In his review, Judge Moore considered: 1) that counsel went to school on the case; 2) some of the hours claimed were for unproductive work on the case; 3) counsel's claim for law clerk services and costs was inadequately supported by evidence showing a local custom of charging separately for law clerk services; 4) counsel's failure to adequately support his claim for computer assisted research as opposed to more traditional research; 5) counsel's failure to show his costs for photo copies as opposed to the amount he customarily charged clients for copies. *Id.*

United States v. Bailey, 581 F.2d 984 (D.C.Cir. 1978) the Court in determining whether representation was "extended" considered whether a "substantial investment of time was made in the case pursuing reasonably competent and productive effort as opposed to "bumbling and wasteful activity." In determining whether a case is complex, the Court considers whether the case is intricate in detail, calls on counsel's intellectual resources, presents "thorny issues" which require a high degree of expertise than the "more pedestrian case." The court applied the following test: "...[E]xcess compensation is to be allowed if, but only if, the legal or factual problems in the case, or the quality or nature of the service mandated, are 'significantly' greater than average." The Circuit Judge approved the appellate fee claim of $1,750.00 for certification to the chief judge. It was over

7

the statutory maximum of $1,000.00 by $750.00.

It is apparent from these and other cases surveyed that each case must be judged by its peculiar facts as to whether it involved extraordinary circumstances or protracted representation justifying fees in excess of the statutory limit.

### III.
### Discussion

A.  This Court in 2:14cr19 (Docket No. 17), United States v.Buckley, held that it "will not establish a precedent of granting fees incurred in excess of the statutory maximum when there is no prior request made to exceed the statutory limit. However, since the case is ongoing and the request has been made, the Court will entertain a request to exceed for fees and expenses incurred after the motion was filed (July 21, 2014)."

In the instant case, the docket shows that counsel filed defendant's Ex-Parte Motion To Exceed Statutory Compensation Limit on July 31, 2014 (Docket No. 122). According to Counsel's second spreadsheet, Attachment 2, counsel reached the $9,800.00 statutory limit with the June 7, 2013 call from defendant Meredith. Between exceeding the statutory limit on June 7, 2013 and filing the motion to exceed on July 30, 2013 counsel for defendant Meredith claims $6,775.01 in fees. In order to not treat this CJA panel attorney different than the Court treated the CJA panel attorney in the Buckley case, the Court must disapprove the $6,775.01 in claimed fees as having been incurred after exceeding the statutory maximum limit but before preparing and filing a motion to exceed in direct violation of the Court's appointment order.

Fees claimed for preparation of the motion to exceed and for work done thereafter will be considered under the directives provided by 18 U.S.C. §3006A(d)(3).

B.  Complex

8

Defendant Meredith's criminal case is not complex. All of the charges against Meredith involved attempt or conspiracy or actual obstruction of justice. The sole co-conspirator and aider and abettor was Charles Adkins. The charges against Meredith did not change throughout the prosecution. There were no discovery disputes. The Government provided Defendant with all of the letters and recorded conversations it intended to use at trial to prove its charges. According to Meredith's filing dated June 4, 2013 (Docket No. 73), the United States timely made initial discovery on or before May 22, 2013. It supplemented that disclosure on May 21, 2013 and again on June 3, 2013. The supplemental discover y contained four hundred twenty three (423) pages of documents and 14 hours of audio tapes. There was no trial. The charges against Meredith were resolved by a September 23, 2013 guilty plea entered a mere four (4) months after counsel was appointed to represent her. It was during that period counsel for Meredith explored the potential of a duress defense. According to counsel's Exhibit 1 prepared for and presented during the hearing, the amounts claimed in attorney's fees and expenses during the five and one half month period between indictment and plea are:

| | | | |
|---|---|---|---|
| 1. | Pages 1-3 | $ 6,109.00 | |
| 2. | Pages 5-7 | $ 7,467.00 | |
| 3. | Page 10 | $ 1,435.00 | (time spent in travel) |
| 4. | Pages 10-13 | $ 3,141.00 | |
| 5. | Pages 18-19 | $ 323.61 | (mileage and parking) |
| 6. | Page 19 | $ 127.33 | (photo copy expense at .25 per page) |
| Total | | $18,602.94 | |

During the period between indictment and plea, counsel and Defendant engaged in 21 telephone calls ranging in length from 2/10 of an hour to 2 and 1/10 hours. The total claim for the 19 and 4/10 hours of telephone calls with the Defendant during the time period was $2,425.00. During the same time frame counsel met with Defendant 8 times, not including court hearings, each meeting ranging from 2/10 of an hour to 4 and 7/10 hours. The total time spent in meetings with

9

Defendant for the period was 9 and 2/10 hours or $1,150.00. During the same time period, counsel met with co-Defendant Adkins and took a call from co-Defendant Adkins covering an aggregate time of 1.50 hours[2].

According to the Exhibit 2 spreadsheet, counsel claims fees of $19,665.00[3] for services rendered to Defendant Meredith through the September 23, 2013 plea hearing. Deducting the previously disallowed $6,775.01, the balance claimed and to be considered is $12,889.99.

Based on this Court's review of the fees claimed between July 31, 2013 and the September 23, 2013 plea, this Court finds those charges claimed on pages 8, 9, and 10 Exhibit 2 and marked with an (*) totaling $1,346.50 in claimed fees are appropriate for consideration because they are associated with plea negotiations, explanation of the plea offers to Defendant and review of the plea agreement with Defendant. The remaining charges claimed on pages 8, 9, and 10 of Exhibit 2 but not marked with an (*) are deemed not appropriate for consideration because they are for non-plea matters and were incurred after the Defendant and counsel were aware that the sole viable defense was not factually or legally viable.

Accordingly, the Court finds the total allowable legal fees for the period from appointment as counsel to the entry of the plea are $11,146.50 calculated as follows: Statutory maximum

$9,800.00

+ $1,346.50

---

[2]The Court has concerns about the wisdom of having contact with a co-Defendant, particularly a Defendant who declined to be represented by counsel and was granted authority to represent himself with stand-by counsel appointed.

[3]The Court believes Exhibit 2 is a more accurate reflection of the fees claimed because it was prepared and submitted after the case was completed. Exhibit 1 was prepared for the Court hearing and was represented as accurate subject to further review by counsel.

= $11,146.50.

C.  Extended

The Court finds Defendant Meredith's case is an extended case.

But for the cooperation agreement in Defendant Meredith's plea agreement which required her to potentially provide testimony against co-Defendant Adkins (Docket No. 168, ¶ 3), her case would have ended with sentencing approximately six weeks following her September 23, 2013 guilty plea. However, Adkins did not plead until his trial was imminent. That occurred August 8, 2014[4].

The delay between when Defendant Meredith would normally have been sentenced and when she was actually sentenced was driven by the schedule in Adkins' case. Counsel for Defendant Meredith had no control over that schedule. It is reasonable to expect that counsel for Meredith would need to keep track of what was going on in Adkins' case in order to effectively represent Meredith.

Certainly, Counsel for Defendant is entitled to reasonable fees for reasonable time spent between plea and sentencing. However, he is not entitled to fees for time unnecessarily expended in the time frame rehashing matters with Meredith that were already resolved by her plea of guilty. To the extent he did so, this Court concludes he did not use his professional skills efficiently or his time wisely. (See Section 230.23.40 (c) of the Judicial Conference Guide to the Administration of the Criminal Justice Act, bullets 2 and 3). Moreover, during this time period there were no "'thorny issues" which require[d] a high degree of expertise than the "more pedestrian case.'" United States v. Bailey, *supra.*

In reviewing the reasonableness of counsel for Meredith's claimed fees, ths Court takes in

---

[4] Adkins trial was scheduled to start August 26, 2014 with a final pretrial set for August 25, 2014 and any plea agreement due on or before August 12, 2014 (Docket No. 256).

to consideration that counsel is a solo practitioner and devotes a major portion of his practice to criminal defense work. (Judicial Conference Guide to the Administration of the Criminal Justice Act , bullet 4.) The Court also notes counsel was not under time pressures. (Judicial Conference Guide to the Administration of the Criminal Justice Act , bullets 4and 5.) He was not pressured to sacrifice other aspects of his practice in order to meet pressing deadlines imposed by the Court or the speedy trial act. (See Section 230.23.40 (c) of the Judicial Conference Guide to the Administration of the Criminal Justice Act , bullets 2, 3, 4, and 5.)

Instead, his comments during the hearing before the Court as supported by his billing spreadsheet indicate he was pressured by a demanding and needy client.

As CJA counsel, he does not get to choose his clients, but it is his duty to manage his client given the time constraints of his practice and the court. (Judicial Conference Guide to the Administration of the Criminal Justice Act , bullets 2 and 6.) It appears to this Court that he was not able to efficiently manage Meredith. The court must not be required to pay for his lack of client management and inefficiency in his practice. (Judicial Conference Guide to the Administration of the Criminal Justice Act , bullet 3.)

Accordingly, review of the fees claimed between the September 23, 2013 guilty plea and the August 28, 2014 sentencing hearing is in order.

It must be noted that the Exhibit 2 spread sheet ends August 18, 2014, ten days prior to Meredith's sentencing. However, during the hearing counsel estimated his fee for sentencing at $1,568.00. According to the docket, Meredith's sentencing took 1.5 hours (Docket No. 282).

Continuing with the analysis of Exhibit 2, the following matters relevant to Meredith appear to be accounted for in pages 10-17 of the Exhibit 2 spreadsheet:

1.   Sentencing including

  a. Defendant's Version Of The Offense

  b. Pre-sentence Report

  c. Allocution

2. Forfeiture and Abandonment including personal property return

3. Continuances of Sentencing to accommodate the continuances of the Adkins trial and Meredith's expected testimony at that trial.[5]

Total Fees claimed for the time period from the September 23, 2013 plea to August 18, 2014 (10 days prior to sentencing are: $8,956.90 (calculated by deducting $2,665.00 for claimed fees on the spreadsheet for the time period from August 8, 2013 to the September 23, 2013 guilty plea from the total of $11,621.90 claimed for the entire period from August 8, 2013 to August 18, 2014).

Much of the $8,956.90 appears to be rehashing of pre guilty plea matters and review of documents and matters relating to Adkins. Of the $8,956.00, the matters pertaining to sentencing, forfeiture, and allocution, equal $4,980.60.

However, counsel for Meredith is a seasoned and experienced trial counsel. It is unfathomable to the Court why experienced counsel should need to expend the time represented by a claimed fee of $4,980.60 preparing his client for sentencing. The entire post plea process including the sentencing hearing in this case should have taken no more than $3,000.00.

The Court is not unaware of the dilemma counsel faces when representing a demanding and needy client. He is in a "Catch-22". If he runs his law practice efficiently like a business holding off and consolidating his client's incessant questions and desire to inject new information for response and consideration during a scheduled routine meeting or phone call, he runs the risk his

---

[5]The Court marked each of the items that may be relevant to the above described matters with an (o) on pages 10-17 of the Exhibit 2 spreadsheet.

client will file a complaint with the ethics board that he is not being responsive to the client's needs.

Allocating $3,000.00 to the post plea sentencing process takes the fees to $14,146.50. Allowing his in court estimate of fees and expenses for sentencing at $1,568.00 takes his total post plea sentencing process to $4,568.00. At the rate of $125.00 per hour, this portion of the recommended fee provides for 36.5 hours of time.

The remaining matters not marked with (o) on the Exhibit 2 spreadsheet appear to involve tracking Adkin's case. That claimed sum is approximately $3,975.00. This Court finds this sum unreasonable. While it was necessary to track the progress of the Adkins case, tracking is a mere ministerial process. It is work that could have been performed by a non-lawyer. This Court believes based on a review of the docket in Adkins' case, that it's progress could have been reasonably and efficiently tracked in the office using CM/ECF for $1,000.00 or 8 hours of lawyer time.

In the companion Adkins case, this Court previously recommended approval of the CJA 20 for payment as submitted with respect to attorney's fees and expenses in the total amount of $14,333.60. In addition, $3,023 was claimed for work done by a non-CJA panel attorney but billed at a paralegal rate. The total recommended fee in the Adkins case was $17,365.05.

This Court finds there is no significant margin of difference between the Adkins case and the Meredith case. Based on this Court's familiarity with both Defendants' cases and their filings, Adkins was the more problematic, more contentious and most litigious of the two. Accordingly, there is no justification for approval of a fee for Meredith's case that is $12,000.00 more than approved in Adkins' case. United States v. Holtz, *supra.*

However, this Court finds and certifies that the amount of excess payment (over the $9,800.00 authorized by statute) herein recommended, to wit: $6,914.50 is necessary to provide fair compensation to counsel for Meredith.

## IV.
## Recommendation

For the foregoing reasons it is **RECOMMENDED** that:

1)     Docket Nos. 122 and 129 be **DENIED IN PART AND GRANTED IN PART**

2)     A total fee of **$16,714.50** be approved:

|  |  |  |  |  |
|---|---|---|---|---|
| A) | Appointment to Guilty Plea |  | $11,146.50 | $9,800.00 |
| B) | Guilty Plea to Sentencing | + | $ 5,568.00 | + $6,914.50 |
|  |  | = | $16,714.50 | =$16,714.50 |

The Clerk of the Court is directed to provide a copy of this Memorandum Opinion Report and Recommendation to counsel for Defendant.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, counsel for Defendant may file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

If no objections are filed and the District Judge Recommends and the Chief Judge of the Fourth Circuit concurs, the Clerk of this Court is directed to send a copy of this Memorandum Opinion Report and Recommendation and the attachments to the Federal Public Defender for

processing and submission for payment.

DATED: September 16, 2014

/s/ John S. Kaull
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

RECOMMENDED

_____
District Judge Irene M. Keeley

_____
Date

NOT RECOMMENDED

_____
District Judge Irene M. Keeley

_____
Date

CONCUR

_____
Chief Circuit Judge William B. Traxler

_____
Date

DO NOT CONCUR

_____
Chief Circuit Judge William B. Traxler

_____
Date